UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN R. FOUTS,<br><br>                              Plaintiff,<br><br>          -against-<br><br>EXECUTIVE OFFICE FOR UNITED STATES<br>ATTORNEYS (EOUSA),<br><br>                              Defendant. | 25-CV-5295 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Louisville, Kentucky,[1] filed this *pro se* action invoking the

Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on behalf of himself and his minor son.

(ECF 1.) He alleges that the Executive Office for United States Attorneys ("EOUSA"), in

Washington, D.C., "failed to comply with FOIA's deadlines and improperly withheld all records

under a blanket exemption without . . . demonstrating that all reasonably segregable portions had

been released," and he seeks injunctive and other relief. (*Id.* at 1.) By order dated July 8, 2025,

the Court ordered that this matter be transferred, under 28 U.S.C. § 1404, to the United States

District Court for the District of Columbia.[2] (ECF 5.) In that order, the Court noted that "[a]ny

pending matters," including Plaintiff's motion for leave to proceed *in forma pauperis* [IFP],"

would "be determined by the transferee court." (*Id.* at 2.)

---

[1] The Kalispell, Montana address listed for Plaintiff on the docket in this case is taken from his motion for permission for electronic case filing. That address belongs to a company that provides virtual office space; it is not Plaintiff's residence. Although he does not provide a residential address for himself, Plaintiff states in the complaint that he resides in Louisville, Kentucky. (*See* ECF 3 at 2.)

[2] The Court recently transferred another case that Plaintiff had filed in this district. *See Fouts v. United States*, No. 25-CV-5274 (LTS) (S.D.N.Y. June 27, 2025) (transferring complaint asserting civil rights and RICO claims to the United States District Court for the Western District of Kentucky).

On July 5, 2025, Plaintiff filed a motion "to Consent to Electronic Access[3] and request for CM/ECF Balance Waiver" and a motion "for Multimodal Communication Access," (ECF 6, 7.) On July 6, 2025, Plaintiff filed an "Affidavit of Medically Verified Conditions and Time-Dependent Cognitive Dysfunction (This is not an exhaustive list)." (ECF 8.) These submissions were docketed after the Court issued its order on July 8, 2025.

On July 17, 2025, the Clerk of Court electronically transmitted this action to the District of Columbia. That evening, Plaintiff emailed to the court an "Emergency Motion for Immediate Judicial Decision on IFP Status, Service of Defendants, and Clarification Regarding External Interference in John. R. Fouts v. Executive Office of the U.S. Attorneys (EOUSA)." (ECF 9.) Plaintiff alleges that he "believes that there is external interference in the form of highly likely a false or fictitious gag order, NSA-related surveillance based on false pretenses, or other unlawful directives without warrant influencing the actions of the Court and preventing timely ruling and decision-making." (*Id.* at 3.) According to Plaintiff, "[t]his interference has resulted in the failure to issue summonses across now 4 federal district courts," in connection with matters he filed in the Sixth and Ninth Circuits. (*Id.*)

Plaintiff also filed an "Emergency Motion for Immediate Judicial Decision on IFP Status, Service of Defendants, and Clarification Regarding External Interference." (ECF 10.)

The Court liberally construes the emergency motions (ECF 9, 10) as one motion seeking reconsideration under Local Civil Rule 6.3 and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b).[4] *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.

---

[3] The motion that Plaintiff filed (ECF 6) does not contain all the information required by the court's form to consent to electronic service.

[4] The Court does not construe Petitioner's submission as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) because no judgment has been entered in this action. *See* Fed. R. Civ. P. 59(e).

2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion seeking reconsideration of the transfer order.

## DISCUSSION

### A.    Jurisdiction

Because this case has been transferred, the Court first considers whether it has jurisdiction to consider Petitioner's motion. Normally, the transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court, however, retains jurisdiction over the action if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 70 F.3d 736, 739 (2d Cir. 1995).

Because the motion for reconsideration was filed on July 17, 2025, "prior to receipt of the action's papers by the clerk of the transferee court," *Warrick*, 70 F.3d at 739, this Court has jurisdiction to consider the motion.

### B.    Motion for Reconsideration

1.    Local Civil Rule 6.3

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil

Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

Plaintiff has failed to demonstrate that the Court overlooked any controlling law or factual matters when it exercised its discretion and transferred this matter to the District of Columbia. A claim under FOIA may be brought "in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552(a)(4)(B). For venue purposes, an individual resides in the district where the person is "domiciled." 28 U.S.C. § 1391(c)(1).

Plaintiff does not reside in this district, and the complaint does not suggest that the agency records he seeks are situated here. Under the FOIA venue statute, the District of Columbia is a proper venue. Plaintiff does not allege any facts or cite any legal authority supporting his claim that transfer of this matter was improper. Instead, Plaintiff alleges that "external interference" has caused delays and "unlawful directives" in this case and in others that he filed in different jurisdictions. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

    2.       Motion for Reconsideration under Fed. R. Civ. P. 60(b)

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing

party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

For the reasons set forth in this order, the Court denies Plaintiff's motion for reconsideration of the transfer order, and the Clerk of Court is directed to terminate ECF 9 and 10. The transferee court will adjudicate any other pending motions or applications. This matter is closed in this court.

Because this matter is closed in this court, there is no reason to require Plaintiff to file a proper consent to accept service by email, instead of regular mail.[5] The Court therefore directs the Clerk of Court to email this order in this closed case to Plaintiff at the following email address: icreateupwardspirals@gmail.com.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     July 18, 2025
       New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[5] The Court provided a link to the form earlier in the order should Plaintiff wish to submit it.